**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRUCE M. SAVAGE,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGIA DEPARTMENT OF TRANSPORTATION,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 1:10-cv-02459-TWT-GGB |

**NON-FINAL REPORT AND RECOMMENDATION
AND ORDER**

This matter is before the court on defendant Georgia Department of Transportation's Motion to Dismiss [Doc. 3] and plaintiff's Motion to Deny Motion to Dismiss [Doc. 5]. For the reasons stated below, I **RECOMMEND** that the parties' motions be **DENIED AS MOOT**.

**I. Procedural History**

On June 28, 2010, plaintiff, proceeding *pro se*, initiated this action by filing an employment discrimination complaint against the defendant, the Georgia Department of Transportation ("defendant" or "DOT"), in the Superior Court of Fulton County, Georgia. [Doc. 1-2 at 2, complaint]. On August 5, 2010, the DOT removed the action to this court and filed a special appearance answer and defenses, and a special

appearance motion to dismiss based on insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(4) and/or O.C.G.A. § 9-11-12(b).  [Docs. 1-3].

On September 13, 2010, plaintiff, still acting *pro se*, filed what he labeled a motion in opposition to the DOT's motion to dismiss [Doc. 5].  However, plaintiff's "motion" failed to address the insufficient service of process issue raised in the DOT's motion to dismiss.  Soon thereafter, plaintiff retained the Law Offices of John D. Wales to represent him in this matter. [Docs. 8 & 9].  Counsel for the plaintiff, John D. Wales and Barbara M. Heyne, entered notices of appearance on behalf of the plaintiff on October 6, 2010.

After retaining counsel, plaintiff moved the court for leave to file a proper response to the DOT's motion to dismiss.  [Doc. 12].  Plaintiff's motion was unopposed.  On October 13, 2010, the court granted plaintiff's motion, and plaintiff filed his response in opposition [Doc. 14] to the DOT's motion to dismiss [Doc. 3] on October 25, 2010.  The time for filing a reply has passed.

## II.  Discussion

### A.  Defendant's Motion to Dismiss

Defendant DOT argues that plaintiff's complaint should be dismissed for failure to perfect service of process, pursuant to Rule 12(b)(4) of the Federal Rules of Civil

2

Procedure and/or O.C.G.A. § 9-11-12(b).  [Doc. 3].  The DOT states that Rule 4(j) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4(e)(5) require personal service upon a state government entity to be delivered to the entity's chief executive officer or clerk.  The DOT argues that plaintiff's service of process was improper because plaintiff, acting *pro se*, attempted to serve the DOT by mailing a copy of the complaint and summons via certified mail to a DOT employee who is not the chief executive officer; nor is the employee a designated agent authorized to accept service on behalf of the DOT.  [Doc. 3-1 at 2-3].

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed.  After removal, the sufficiency of service of process is determined according to federal law."  See Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998)(citing  28 U.S.C. § 1448).  In a removal action, the plaintiff has 120 days from the date of removal to perfect service of process and/or correct service of process on the defendant.  28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).  The filing of defendant's motion to dismiss plaintiff's complaint for insufficient service of process put plaintiff on notice of the alleged defective service.

3

On October 11, 2010, plaintiff filed a return of service/proof of service form with the court indicating that on October 5, 2010, plaintiff personally served Vance C. Smith, Jr., defendant's Commissioner, through Sharon Mandaris, Executive Assistant, who is designated by law to accept service on behalf of the Georgia Department of Transportation. [Doc. 11, proof of service]; Fed. R. Civ. P. 4(j)(2). On October 26, 2010, the DOT filed an amended answer to plaintiff's complaint [Doc. 16]. The DOT has not filed a reply in support of its motion to dismiss, challenging plaintiff's recently-filed proof of service. Therefore, the court will assume that service was proper and sufficient.

Plaintiff's proper service of process on defendant has rendered moot defendant's motion to dismiss. Accordingly, I **RECOMMEND** that defendant's motion to dismiss, under Fed. R. Civ. P. 12(b)(4), for insufficient service of process [Doc. 3] be **DENIED AS MOOT**.

B.   **Plaintiff's Motion to Deny Motion to Dismiss**

Given that recommendation, I further **RECOMMEND** that plaintiff's Motion to Deny Motion to Dismiss [Doc. 5] also be **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

### III. <u>Summary</u>

For the reasons stated, I **RECOMMEND** the following:

1)  that defendant's Motion to Dismiss, under Fed. R. Civ. P. 12(b)(4), for insufficient service of process [Doc. 3] be **DENIED AS MOOT**; and

2)  that plaintiff's Motion to Deny Motion to Dismiss [Doc. 5] be **DENIED AS MOOT**.

On September 27, 2010, I issued an order [Doc. 6] staying the commencement of discovery and the parties' deadlines to conduct the Rule 26(f) conference, and to file initial disclosures and a joint preliminary report and discovery plan, pending resolution of defendant's motion to dismiss. Should the district court adopt this Report and Recommendation, **IT IS ORDERED** that the parties shall comply with all preliminary mandates of the federal and local rules within **THIRTY (30) DAYS** of the district court's order adopting the Report and Recommendation.

**SO RECOMMENDED AND ORDERED**, this 12th day of November, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)